ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. McMICHAEL. (No. 1665.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 16, 1916. On Motion for Re-
hearing, Nov. 31, 1916.)

1. APPEAL AND ERROR ☞1062(1)—HARMLESS
ERROR.

The submission of issues as to which there
was no dispute in the evidence was not prejudi-
cial where any finding upon them against the
undisputed evidence would have prejudiced ap-
pellee alone.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 4212; Dec. Dig. ☞
1062(1).]

2. CARRIERS ☞321(5)—PASSENGERS — PLAT-
FORM ACCIDENT.

In action for injuries from being struck by
a truck on an unlighted station platform, it was
not error to submit question of the failure of
the railway to have the platform properly light-
ed, although plaintiff testified that his injury
was the result of the truck being shoved against
him, causing him to fall against the engine,
since it did not follow that his situation was
unaffected by the absence of light.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. § 1329; Dec. Dig. ☞321(5).]

3. TRIAL ☞260(8)—CHARGE COVERED BY ONE
GIVEN.

It was not error to refuse a requested charge
that unless it was found the truck was moved or
shoved against plaintiff causing him to be struck
by the engine, verdict should be for defendant,
where another charge was given for defendant
that if it was found that the position of the
truck could and would have been observed by a
person using ordinary care and prudence when
using the platform, and that such truck was
stationary and not pushed or moved against
plaintiff, verdict should be for defendant, for
the latter charge gave defendant whatever ben-
efit there was in confining plaintiff's· recovery to
an injury from pushing or shoving the truck.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 657; Dec. Dig. ☞260(8).]

4. CARRIERS ☞348(3) — PASSENGERS — PLAT-
FORM ACCIDENT—INSTRUCTIONS.

It was not error to refuse defendant's re-
quested charge to find for defendant if plaintiff
walked between the truck and the track, and a
person of ordinary care under similar circum-
stances would have walked between the truck
and the depot; there being evidence that passen-
gers took both routes, and it not appearing the
route taken by plaintiff was a dangerous one,
for the fact that a reasonably prudent person
would have taken the other route did not neces-
sarily signify that it was imprudent to take the
other route, although such was the assumption
in the requested charge.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1403, 1405; Dec. Dig. ☞348(3).]

Appeal from District Court, Bowie Coun-
ty; H. F. O'Neal, Judge.

Action by R. G. McMichael against the St.
Louis Southwestern Railway Company, of
Texas. From judgment for plaintiff, defend-
ant appeals. Affirmed.

Glass, Estes, King & Burford, of Texar-
kana, and E. B. Perkins and Dan Upthegrove,
both of Dallas, for appellant. Mahaffey
& Keeney, of Texarkana, for appellee.

HODGES, J. This appeal is from a judg-
ment in favor of the appellee for $5,000 as

damages for personal injuries received while
walking along appellant's platform at Na-
ples, Tex. The appellee was there for the
purpose of taking passage on appellant's
north-bound train, and at the time of the in-
jury was going to the train. In walking
from the waiting room to the train he was
compelled to pass by a baggage truck stand-
ing, as testified to by some of the witnesses,
obliquely across the platform. According to
some of the evidence, the platform at that
point was 18 feet wide, and the truck was 10
feet long and 4 feet high. The appellee tes-
tified that as the train came up to the station
he and other passengers went out for the
purpose of going aboard; that the platform
was not lighted, and the only illumination
they had was from the headlight of the en-
gine; that the truck was standing between
him and the point where the passenger coach
was to be stopped; that as he passed around
between this truck and track on which the
engine was approaching, some one, whom he
could not identify, pushed or moved the truck
against him, causing him to fall over
against the engine and receive the injuries
for which he sued. He seemed to be posi-
tive that his fall was due to some one mov-
ing the truck; whether that person was an
employé of the railway company, or some
passenger passing by the truck, he was un-
able to say. He is supported in his testimo-
ny by one other witness. This version, how-
ever, was disputed by other witnesses, who
testified for the appellant, and who say that
the truck was not moved, but that the ap-
pellee apparently walked too close to the
engine, which was still moving, and fell over
against it. The evidence appears to be un-
disputed that the platform was not lighted,
and that the truck was in the position re-
ferred to in the appellee's testimony, except
that witnesses differ as to whether it was
across the platform or parallel with it. The
evidence further shows that there was a
space between the truck and the wall of the
depot building, through which many of the
passengers passed in going to the train.
Some of the witnesses say that all of the
passengers took that route except the appel-
lee. In his petition the appellee alleged, in
substance, that the appellant was guilty of
negligence in failing to have proper lights
provided and in failing to have its platform
in a reasonably safe condition for passen-
gers desiring to use it upon that occasion.
The charge of the court was lengthy and sub-
mitted all the issues made by the pleadings.

[1] The first group of assigned errors com-
plain of several paragraphs of the charge, in
which the principal issues of fact submitted,
as being unintelligible and confusing, and
further upon the ground that it submitted
uncontroverted issues to the jury, as well as
other issues which there was no evidence to
support. It would serve no useful purpose

to here quote the portions of the charge criticized. We think it sufficient to say that we have fully considered the objections, but are unable to find any good reason for sustaining them. It is true that issues were submitted' about which there appeared to be no dispute in the evidence, but the error, if any, in that particular could not harmfully affect the appellant; for any finding upon them against the undisputed evidence would have operated to the injury of the appellee alone.

[2] It is also contended that the court should not have submitted to the jury the failure of the appellant to have the platform properly lighted, because, according to the appellee's own testimony, this failure did not contribute to his injury. While the appellee does testify that his injury was the result of the truck being shoved against him, it does not necessarily follow that his situation was wholly unaffected by the absence of sufficient light. It cannot therefore be said as a matter of law that the darkness did not materially add unfavorable conditions to his surroundings, which may have affected the results.

[3] The following special charge was requested and refused:

"You are instructed that unless you find from a preponderance of the evidence that the truck was moved or shoved against the plaintiff, and that he was caused thereby to be struck by the engine, your verdict should be for the defendant."

At the request of the appellant's counsel the court gave the following special charge, which bears upon that issue:

"You are instructed that if from the testimony you believe that the position of the truck could and would have been observed by a person using ordinary care and prudence when using the platform, and that such truck was stationary and was not pushed or moved against plaintiff, then your verdict should be for the defendant."

Appellant was thus given whatever benefit there was in confining the appellee's recovery to an injury sustained from a pushing or shoving of the truck, and there was no material error in refusing the charge first quoted.

[4] Appellant also requested the following special charge, which was refused:

"You are instructed that if from the testimony you believe that the plaintiff walked from the waiting room around the east end of the truck and between the truck and the track, and that a person of ordinary care and prudence under similar circumstances would have walked between the truck and the depot, then your verdict should be for the defendant."

As previously stated, the testimony showed that there were two routes which the passengers going from the waiting room to the train could travel in passing the truck—one between the truck and the depot building, and the other between the truck and the track. It was also shown that there was more space between the truck and the building than at the other end. There was evidence tending to show that passengers took both routes; while some of the witnesses testified that the appellee was the only passenger who went between the truck and the track. If the appellant desired to have the jury pass upon the prudence of the appellee in taking the route he did, a proper charge presenting that issue should have been requested. The fact that a reasonably prudent person would have taken the route between the truck and the depot building does not necessarily signify that it was imprudent to take the other route; yet such was the assumption embraced in the requested charge. Moreover, it cannot be said that the evidence was such as to justify a jury in finding that the route taken by the appellee was a dangerous one. The only thing which could have rendered it so was the insufficiency of the space for safe passage between the truck and the track; and the evidence is not such as to warrant a conclusion that this was insufficient.

There are other assignments of·error, presenting different questions, all of which have been carefully considered by us and are overruled.

It is finally contended that the verdict was excessive. The facts do not warrant us in so holding. Considering the injuries received by the appellee, we think the verdict a moderate one.

The judgment of the district court is therefore affirmed.

### On Motion for Rehearing.

In its motion for a rehearing the appellant calls attention to a finding of fact to the effect that the evidence was undisputed that the platform of the railway company was not lighted on the occasion of the injury complained of. Upon further investigation we find that the testimony upon that issue was conflicting. The fact, however, cannot materially affect the disposition of the case.

It is also contended that we are in error in holding that the special charge given at the request of the appellant justified the refusal of one made the basis of another assignment of error. It is contended that in the charge given the court required the jury to believe that the conditions were such that a person of ordinary care and prudence when using the platform could and would have observed the truck, before they could find for defendant if the truck was not moved. The appellee testified unequivocally that he did see the truck, and that his injury was the result of the truck being moved. With such evidence the issue regarding the discovery of the truck was practically eliminated, and the only controverted issue embraced in the charge given was that concerning the movement of the truck. We adhere to our former conclusion that the charge refused was a practical reiteration of the issue already submitted.

The motion is overruled.